In the Matter of AMMIE DENNIS ROBERT JONES, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 18, 1978

### APPEARANCES OF COUNSEL

*Donald E. Humphrey* for petitioner.

### OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on June 25, 1952. In this proceeding to discipline him for profes-

sional misconduct, the petitioner moves to confirm the report of the Acting Justice of the Supreme Court to whom the issues were referred for hearing and report.

The Referee found the respondent guilty of the following misconduct: The respondent was retained in February, 1963 to represent a client in a personal injury action and settled the action in February, 1969 for $215,000. On January 28, 1969 the client and his wife entered into an agreement with the respondent under the terms of which the respondent agreed to reduce his legal fee for services rendered in the action, "in consideration of compensation to * * * [him] at the rate of $2,500.00 per year" for a period of 20 years. It was further agreed that the respondent "was to completely manage and control" the moneys received by the client for the injuries he had sustained. Thereafter, the respondent received the $215,-000 in settlement of the action. After a complaint was lodged with the Dutchess County Bar Association Grievance Committee, said committee, by letter dated May 22, 1975, requested that the respondent provide a complete accounting of the funds held by him on behalf of the client. The Dutchess County Bar Association Grievance Committee received no answer from the respondent and said committee sent another letter, dated September 3, 1975, requesting an immediate answer to the letter dated May 22, 1975. The letter of September 3, 1975 was returned bearing a postal service stamp noting that the letter was "Unclaimed". The Dutchess County Bar Association Grievance Committee referred this matter to the petitioner herein on October 31, 1975. The respondent failed to comply with the request of the Dutchess County Bar Association Grievance Committee, and with the request of the petitioner herein, for information regarding the afore-mentioned action. The evidence at the hearing disclosed that the respondent did receive the funds belonging to his client and that he deposited some of said moneys in his own name, some in joint accounts of the respondent and his wife, and some in trust for the client and his wife. The evidence further disclosed that the respondent had "withdrawn the amounts in deposit in these accounts."

After reviewing all of the evidence we are in agreement with the findings of the Referee. The respondent is guilty of commingling his client's money with his own and, further, of failing to co-operate with the Dutchess County Bar Association Grievance Committee and the petitioner herein in their re-

spective investigations of the charges of misconduct. The petitioner's motion to confirm the Referee's report is granted.

Under the circumstances, we conclude that the respondent should be and he is hereby disbarred from further practice of law and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.

MOLLEN, P. J., HOPKINS, MARTUSCELLO, DAMIANI and GU-LOTTA, JJ., concur.